IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RONNIE S. SMITH,

        Petitioner,

vs.

BARBARA LEWIEN,

        Respondent.

8:21CV230

MEMORANDUM AND ORDER

    This matter is before the court on preliminary review of Petitioner Ronnie S. Smith's Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

    Claim One:    Petitioner was denied his right to a fair trial because his conviction was obtained due to a prejudicial stipulation and failure to prove all the elements of forgery.

    Claim Two:    Petitioner was denied his right to a fair trial because his conviction was obtained by a biased jury that received perjured testimony, false evidence, and defective instructions where the jury was not instructed that an element of forgery was the unauthorized use of another's name.

    Claim Three:    Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment because trial counsel (1) failed to investigate and gather evidence to show Petitioner was not guilty; (2) failed to consult with

|   |   |
|---|---|
| | Petitioner prior to entering into a stipulation with the prosecution; (3) failed to summon or depose defense witnesses; (4) failed to object; (5) failed to tender a defense instruction for the jury; (6) failed to protect Petitioner's interest during the prosecution; (7) failed to file any pretrial motions regarding the amended information and failed to investigate the factual basis of the amended information; and (8) failed to present evidence that the amount charged was incorrect and that the money was used for Lance Erdman's interest. (*See* Filing 1 at CM/ECF pp. 10, 15.) |
| Claim Four: | Petitioner was denied his rights to perfect a meaningful direct appeal and to the effective assistance of counsel in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the Sixth Amendment because appellate counsel (1) failed to effectively present and argue those issues he elected to raise and failed to research, brief, and argue the following issues appearing on the record: (2) the amended information was defective; (3) Petitioner was denied defense witnesses; (4) other trial court errors that prejudiced the defense; and (5) trial counsel's (a) failure to object and tender a defense jury instruction, (b) failure to file other defense motions, (c) failure to investigate, and (d) entrance into a stipulation that shifted the burden of proof. (*See id.* at CM/ECF pp. 10, 14.) |
| Claim Five: | Petitioner was denied his rights to due process and a fair trial as his conviction is not supported by any evidence because Petitioner was authorized by one of the |

individuals named on the check to represent his interest when signing the financial instrument and Petitioner did not write, sign, or represent Edward Erdman's signature on any financial instrument. (*See id.* at CM/ECF pp. 7, 11–12.)

The court determines that these claims, when liberally construed, are potentially cognizable in federal court.[1] However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. **Respondent should be mindful of and, if necessary, respond to Petitioner's assertions of "actual innocence" based on lack of evidence to the extent Petitioner relies on such allegations to excuse any procedural bar.[2]**

Petitioner included in his petition a request for the appointment of counsel. (Filing 1 at CM/ECF p. 19.) "[T]there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). A district court may appoint counsel for a habeas petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). As a general rule,

---

[1] To the extent Petitioner alleges violations of his rights under the Nebraska constitution, such claims are not cognizable in a federal habeas proceeding as they raise only issues of state law. *See* Bryan R. Means, Federal Habeas Manual § 1:44 (West 2020) ("Federal habeas relief is unavailable to retry state issues that do not rise to the level of a federal constitutional violation." (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991))).

[2] While Petitioner frames his "actual innocence" allegations as an independent claim, "[t]he actual innocence showing excuses a procedural bar. It does not constitute an independent substantive claim." Brian R. Means, *Federal Habeas Manual* § 9B:84 (West 2019) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)); *cf. Rouse v. United States*, No. 20-2007, 2021 WL 4202105, at *4 (8th Cir. Sept. 16, 2021) ("[I]t [is] an open question whether such freestanding claims of actual innocence are cognizable.") (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)).

counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **November 12, 2021**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **November 12, 2021**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled:

"Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, she should inform the court by filing a notice stating that she will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial

5

of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

   A. By **November 12, 2021**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

   B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

   C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated

record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, she should inform the court by filing a notice stating that she will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **December 13, 2021**: check for Respondent's answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6. Petitioner's request for the appointment of counsel is denied without prejudice to reassertion.

Dated this 28th day of September, 2021.

                                          BY THE COURT:

                                          *Richard G. Kopf*

                                          Richard G. Kopf
                                          Senior United States District Judge

8